IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY WILLIAMS                                                                                       PLAINTIFF

VS.                                           CASE NO. 14-CV-4107

MACKIE WOLF ZIENTZ & MANN, P.C.,
AS ALLEGED SUBSTITUTE TRUSTEE
FOR BANK OF AMERICA, N/A, and
BANK OF AMERICA, N/A                                                                           DEFENDANTS

## **ORDER**

Before the Court is Defendant Bank of America's Motion for Summary Judgment. (ECF No. 8). Plaintiff has not responded, and the time for response has passed. The Court ordered the Plaintiff to show cause why she had not responded to Defendant's motion, and the Plaintiff failed to reply. (ECF No. 11). The Court finds this matter ripe for its consideration.

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "[i]f the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party may discharge its summary judgment burden of proof by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Defendant Bank of America asserts that it is entitled to Summary Judgment because the allegations contained in Plaintiff's Complaint for Injunction, Temporary and Permanent, and for Removal of Cloud Upon Record Title have no factual basis. Plaintiff filed her Complaint on May 22, 2014 attempting to enjoin foreclosure on her property. Plaintiff failed to obtain a temporary injunction preventing foreclosure, and the Defendant proceeded with the scheduled sale. After the sale, however, Defendant recorded an Amended Affidavit to Rescind Foreclosure Sale in the official records of the State of Arkansas, Hempstead County.

Plaintiff's Complaint first asks that the Court enjoin Defendants from proceeding with a foreclosure sale because the Defendant's Notice of Default and Intent to Sale was defective. The Defendant argues that its amended affidavit rescinding the sale causes Plaintiff's allegations to be without factual basis. Under Arkansas law, the Defendant's recision declared the foreclosure sale null and void and all terms and provision of the mortgage are revived and reinstated as if no sale had occurred. Ark. Code Ann. § 18-50-116(e). Because of the recision, all of Plaintiff's related claims are without merit. There is no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Plaintiff's Complaint also requested that the Notice of Default and Intention to Sell be removed as a cloud on the record. Arkansas law makes it unlawful for a person with knowledge of an instrument's lack of authenticity or genuineness to record the document with the county recorder, clouding or adversely affecting title, and with the purpose of clouding the title. Ark. Code Ann. § 5-37-226. However, this particular filing is exempted from this provision because it is a protective filing. *See* Ark. Code Ann. § 5-37-226(d); *see Quinn v. Ocwen Fed. Bank, FSB*, 2006 WL 4495659, at *5 (E.D. Ark. Feb. 2, 2006) *aff'd*, 470 F.3d 1240 (8th Cir. 2006). There are no issues of genuine material fact. Therefore, Defendant is entitled to Summary Judgment.

Defendant has shown that there are no disputed issues of material fact and that those undisputed facts entitle Defendant to Summary Judgment. Plaintiff has failed to dispute any issues of material fact or otherwise demonstrate why Defendant is not entitled to Summary Judgment. Thus, Defendant's Motion for Summary Judgment should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 19th day of November, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge